**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY D. COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:10CV1057-DJS** |
| | ) | |
| **UNITED STATES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff Larry D. Coleman filed this medical-malpractice action in the Circuit Court of the City of St. Louis, Missouri against Myrtle Hilliard Davis Comprehensive Health Centers, Inc. ("MHDCHC"), Teresita Cometa, Harry Bradford, and St. Louis Connectcare.  The action was then removed from state court on the basis that the United States of America is the properly named defendant for the claims alleged against MHDCHC, Cometa, and Bradford.  In a prior order, the Court found that the United States was the proper defendant for the claims alleged against those defendants, and the United States was substituted as the party defendant in place of MHDCHC, Cometa, and Bradford pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(1).  Now before the Court is the United States' motion to dismiss for lack of subject matter jurisdiction [Doc. #12].

The United States argues that the claims against it must be dismissed because plaintiff failed to exhaust his administrative remedies, depriving this Court of subject matter jurisdiction.

Plaintiff has not responded to the motion, and the time allowed by local rule for him to do so has expired.  Accordingly, this motion is ripe for disposition.

The FTCA functions as a limited waiver of the United States government's sovereign immunity, allowing injured parties to sue the government in tort for damages caused by the negligence of government employees acting within the scope of their offices.  _Bellecourt v. United States_, 994 F.2d 427, 430 (8th Cir. 1993).  Section 2675(a) of the FTCA requires a claimant to present his claim to the appropriate federal agency before instituting a lawsuit.  28 U.S.C. § 2675(a).  The presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant.  _Bellecourt_, 994 F.2d at 430.  Failure to satisfy the presentment requirement warrants dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).  _Id._

In this case, plaintiff does not plead that he presented his claim to an agency of the United States prior to filing suit.  Plaintiff has not responded to the United States' motion indicating that an amended complaint could cure this jurisdictional pleading defect, and the United States has presented the affidavit of an official with the Department of Health and Human Services, who testifies that plaintiff has not presented a tort claim to the department.  Because plaintiff does not plead that he presented his claim to the United States for an administrative remedy and because the United States has presented undisputed evidence that no such claim has been presented, plaintiff's complaint against the

2

United States will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Having found that plaintiff's claim against the United States will be dismissed, the Court now examines its jurisdiction over plaintiff's remaining claim against St. Louis Connectcare. Because complete diversity is lacking between plaintiff and defendant St. Louis Connectcare, the Court's jurisdiction over the state-law, medical-malpractice claims against St. Louis Connectcare would be supplemental, pursuant to 28 U.S.C. § 1367. A court may "decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). After removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Upon the dismissal of the FTCA claims against the United States, the Court will decline to exercise supplemental jurisdiction over the remaining claim, as provided for in § 1367(c)(3), and that claim will be remanded to the Circuit Court of the City of St. Louis, Missouri for further proceedings, as provided for in § 1447(c).

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant United States of America's motion to dismiss for lack of subject matter jurisdiction [Doc. #12] is granted.

**IT IS FURTHER ORDERED** that plaintiff Larry Coleman's complaint against the United States, through Myrtle Hilliard Davis

3

Comprehensive Health Centers, Inc., Teresita Cometa, and Harry Bradford, [Doc. #2] is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand the remaining claim against St. Louis Connectcare to the Circuit Court of the City of St. Louis, Missouri from which the claim was removed.

Dated this ____12th____ day of August, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE

4